# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32287 (f rev)

————————————

## UNITED STATES
*Appellee*

v.

## Zavian M.T. ADDISON
Airman First Class, U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary
*Upon Further Review*

Decided 9 January 2017

————————————

*Military Judge:* Gregory O. Friedland.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, and reduction to the grade of E-1. Sentence adjudged 3 December 2014 by SPCM convened at Joint Base Pearl Harbor-Hickam, Hawaii.

*For Appellant:* Major Mark C. Bruegger.

*For Appellee:* Colonel Katherine E. Oler.

Before DUBRISKE, BENNETT, and C. BROWN, *Appellate Military Judges*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

This case is before us for further review after our superior court set aside this court's previous decision and the original convening authority's action. *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016). The record was returned to the Judge Advocate General of the Air Force for remand to an appropriate convening authority for a new staff judge advocate's recommendation (SJAR)

and convening authority's action. *Id.* The post-trial processing has been re-accomplished with the convening authority approving the same sentence as was originally approved. We now review the case on its merits.

We note the addendum to the SJAR did not specifically advise the convening authority of his mandatory requirement to consider the SJAR and the report of result of trial before taking action. *See* Rule for Courts-Martial 1107(b)(3)(A); Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.20.1.2 (6 June 2013). Given the convening authority noted he reviewed all matters attached to the addendum, including the SJAR and report of result of trial, and ultimately approved a sentence in accordance with the pretrial agreement, we find no prejudice. The consistent use of post-trial processing templates found in AFI 51-201 will eliminate these unnecessary errors and better facilitate accurate post-trial processing.

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c2). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of Court